**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **FAITH DAVIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **NO. 5:26-cv-491(CAR)** |
| | : | |
| **HOME DEPOT USA INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Faith Davis, proceeding *pro se,* has filed this employment discrimination action against her former employer, Defendant Home Depot USA Inc. On October 20, 2026, Plaintiff filed a Motion for leave to proceed *in forma pauperis* ("IFP"). Six days later, on October 26, 2026, Plaintiff paid the filing fee. Plaintiff's payment of the filing fee renders her application to proceed *in forma pauperis* moot.[1] Thus, her Motion to proceed IFP [Doc. 2] is **DISMISSED AS MOOT**.

Because Plaintiff is not proceeding IFP, she must serve Defendant in compliance with the applicable provisions of Federal Rule of Civil Procedure 4.[2] Plaintiff is "responsible for having the summons and complaint served within the time allowed by [Federal Rule of Civil Procedure] 4(m) and must furnish the necessary copies to the

[1] *See, e.g., Murray-Bey v. City of Port Wentworth*, Case No. 4:20-CV-199, 2020 WL 5578691, at *1 (S.D. Ga. Sept. 17, 2020) ("[T]he payment of his filing fee makes moot his efforts to proceed IFP.").
[2] The "Guide for Self Represented Litigants" can be found on this Court's website at www.gamd.uscourts.gov/helpful-links.

person who makes service."[3] Plaintiff must have a Summons issued for Defendant by the Clerk of Court; Plaintiff must serve the Summons and a copy of the Complaint on Defendant by the manner and means set out in Federal Rule of Civil Procedure 4; and once service is completed, Plaintiff must promptly file an affidavit of such service with the Clerk of Court.[4]

Plaintiff has the responsibility for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Plaintiff is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of Plaintiff's complaint.

**SO ORDERED**, this 29th day of October, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

[3] Fed. R. Civ. P. 4(c)(1).
[4] *See* Fed. R. Civ. P. 4.